**Jesse PUGH**

v.

**Honorable T. Clark HULL et al.**

**Civ. No. H–76–330.**

United States District Court, D. Connecticut.

Aug. 19, 1976.

Jesse Pugh, pro se.

### MEMORANDUM OF DECISION

NEWMAN, District Judge.

■ Petitioner, presently incarcerated at the Connecticut Correctional Institution at Somers, seeks to challenge the jury selection process in a Connecticut Superior Court trial that resulted in his conviction for first degree larceny. He alleges that an appeal of his conviction is to be filed this month. From the face of his papers, it is clear that he has failed to exhaust his state judicial remedies, and the validity of his conviction cannot be reviewed in this Court until that has occurred. 28 U.S.C. § 2254(b). Nor can his attempt to have the alleged trial error reviewed in the context of a suit under 42 U.S.C. § 1983 against court officials and others avoid the exhaustion requirements of § 2254(b). See *Pueschel v. Leuba,* 383 F.Supp. 576 (D.Conn.1974). Since the papers on their face show that the petitioner is not entitled to relief, dismissal, without a response from defendants, would plainly be appropriate were it not for recent questioning of this practice by the Court of Appeals.

■ In two recent decisions, the Court of Appeals has questioned the practice of dismissing *pro se* complaints before they have been served and responsive pleadings submitted by defendants. *Burgin v. Henderson,* 536 F.2d 501, 502 n.1 (2d Cir.1976);

*Frankos v. LaVallee,* 535 F.2d 1346, 1347 n.1 (2d Cir.1976). These complaints are frequently accompanied by a motion to proceed *in forma pauperis,* and both the motion and the complaint are submitted to a judge of this Court. Upon determining that the complaint is without merit, even when read generously, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it has been the practice to grant the motion to proceed *in forma pauperis* and simultaneously dismiss the complaint. The complaint is thus ordered dismissed at the same time that it is permitted to be filed without prepayment of fee; hence the order for dismissal takes effect before the service requirement of Fed.R.Civ.P. 4(a).

The concern expressed by the Court of Appeals, as evidenced by the citation of *Bauers v. Heisel,* 361 F.2d 581, 584 nn. 2, 3 (3d Cir.1966), is that in the event of appeal, the prevailing defendant may not be alerted to the appeal nor assist the appellate court by filing responsive papers. However, in this District, the practice of the Clerk's Office is to mail copies of all opinions dismissing *pro se* complaints to the putative defendants. When those defendants are federal or state prison or prosecuting officials, copies are sent to the appropriate federal or state attorneys. If the defendant is a private individual, a copy is sent to him personally. Copies of any notice of appeal are similarly mailed.

It may happen on occasion that upon appeal from a dismissal of an unserved complaint, the case is remanded for development of a fuller record. The question is whether that occasional occurrence should be obviated by the automatic service of the hundreds of *pro se* complaints that are filed and the consequent burden on public officials and private persons to respond to many totally frivolous complaints. The Supreme Court appears to have answered that question against automatic service in the proposed rules for petitions filed pursuant to 28 U.S.C. §§ 2254 and 2255. 44 U.S.L.W. 4551 (Apr. 27, 1976). Proposed Rule 4 provides that such petitions should be promptly presented to a district court judge and that the judge "shall make an order for its summary dismissal" if it "plainly appears" that the petitioner is not entitled to relief. "Otherwise" the respondent shall be ordered to file an answer. *Id.* at 4552. There is no apparent reason to believe this procedure is any less appropriate for petitions seeking damages against state or federal officials brought pursuant to 42 U.S.C. § 1983 or directly upon the Constitution, with jurisdiction supplied by 28 U.S.C. § 1343(3) or § 1331.

Accordingly, the papers may be filed without fee, and the petition is dismissed for failure to exhaust state judicial remedies.