Edwin Carl **RICHARDS**, Jr.

v.

Curtis C. **CRAWFORD**, Acting Chairman, United States Parole Commission.

Civ. No. B–77–285.

United States District Court, D. Connecticut.

Sept. 6, 1977.

---

454

Edwin Carl Richards, Jr., pro se.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner, incarcerated at F.C.I., Danbury, was convicted of mail fraud and sentenced to five years under the provisions of 18 U.S.C. § 4205(b)(2) after the enactment of the Parole Commission and Reorganization Act of 1976. Under this provision, the successor to the former 18 U.S.C. § 4208(a)(2), the sentencing court may specify that "the prisoner may be released on parole at such time as the Commission may determine." Petitioner commenced service of his sentence on June 23, 1976.[1] He was given a parole hearing on April 22, 1977. Parole was denied for the reason that he had not yet served the time indicated by the Parole Commission's guidelines. He is scheduled for another parole hearing at the one-third point of his sentence. See *Grasso v. Norton*, 371 F.Supp. 171 (D.Conn.1974), 376 F.Supp. 116 (D.Conn.1974), *aff'd*, 520 F.2d 27 (2d Cir. 1975).

Petitioner challenges the denial of parole on numerous grounds. First he claims that the Commission should not have applied its guidelines to a prisoner sentenced under § 4205(b)(2). This claim was rejected by this Court in *Dubois v. Wilkinson*, Civil No. B–77–129 (D.Conn. April 22, 1977). Congress specifically provided for the promulgation of parole guidelines in

1. In what was apparently a typographical error given the date of petitioner's parole hearing, the petition states that petitioner was sentenced June 23, 1977. A check with the Bureau of Prisons verified that the commitment date was June 23, 1976.

§ 4203(a) of the Parole Commission and Reorganization Act, and in § 4206 it provided that the decision to release a prisoner on parole is to be made pursuant to the guidelines, unless the Commission grants release notwithstanding the guidelines "if it determines there is good cause for so doing." There is no inconsistency between the reliance on the guidelines and the (b)(2) sentencing option. In imposing a (b)(2) sentence the court gives the Commission greater flexibility by advancing the prisoner's parole eligibility date. But the fact that a prisoner is eligible for parole does not mean that he is entitled to parole, or even that the sentencing judge expected that he would be granted early parole. *Cf. United States v. Jenkins*, 403 F.Supp. 407 (D.Conn. 1975), discussing some of the reasons why a sentencing judge might impose a (b)(2) sentence. The legislative intent is quite clear that "the substance of [parole] judgments is committed to the discretion of the Commission." 1976 U.S.Code Cong. & Admin.News pp. 335, 358. Among the functions the Commission is entitled to perform is to lessen differences in sentencing policies and practices among judges and courts. *Id.* at 352, 359. Under the Act

> the standards and criteria are made the same for all federal prisoners without regard to which of the three main sentencing alternatives is utilized by the court. This will be of significant benefit to the federal correctional institutions because offenders sentenced for similar crimes under similar circumstances will be required to serve comparable periods of incarceration.

*Id.* at p. 340.

Petitioner argues that in adhering to the guidelines the Commission frustrated the intent of the sentencing judge as expressed in the judge's Report on Sentenced Offender (Form A.O. 235). On that form the sentencing judge had stated:

Early Parole. Mr. Richards was recently married and may be inclined to support his wife and expected child without any further criminal activity.

Petitioner contends that the Commission did not give "meaningful consideration" to this recommendation.

■ Section 4207(4) of the Parole Commission and Reorganization Act directs the Commission to consider "recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge." But this is only one of a number of factors that the Commission is to consider, and the decisions on relevance and relative weights of the items are placed "solely within the province of the (commission's) broad discretion." 1976 U.S.Code Cong. & Admin.News at p. 360.

■ Petitioner next argues that the guidelines have been raised since the time of sentencing, thus frustrating the expectations of the sentencing judge about petitioner's likely release date. If the petitioner believes that expectations of the sentencing judge were frustrated, he should address that argument to the sentencing judge by way of a timely motion to reduce under Rule 35 of the Federal Rules of Criminal Procedure, or possibly a motion under 28 U.S.C. § 2255 to correct or vacate an illegal sentence, although it is not clear that the latter remedy would necessarily be available. See *United States v. Slutsky*, 514 F.2d 1222 (2d Cir.1975); *United States v. Jenkins, supra; United States v. Manderville*, 396 F.Supp. 1244 (D.Conn.1975) (Rule 35 motions to reduce); compare *United States v. Salerno*, 538 F.2d 1005 (3d Cir. 1976), and *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975), with *United States v. DiRusso*, 535 F.2d 673, *later appeal*, 548 F.2d 372 (1st Cir. 1976) (§ 2255 motions).[2]

---

**2.** *DiRusso* held that the sentencing court does not have jurisdiction under § 2255 to revise a sentence when the Parole Commission's decision is in conflict with the sentencing judge's expectations. Rather, according to the *DiRusso* court, apart from a timely Rule 35 motion to reduce, "[t]he exclusive means of challenging the Parole Commission's actions is to bring a § 2241 action in the district of confinement, an action which will rarely be heard by the sentencing judge and in which, for better or worse, the sentencing judge's intent in most circumstances is not material." 548 F.2d at 374. Though I have § 2241 jurisdiction over this

456

Nor does an upward revision of the guidelines constitute an improper *ex post facto* law. The Second Circuit's recent decision in *Shepard v. Taylor*, 556 F.2d 648 (2d Cir. 1977), is not to the contrary. That case held that the application of guidelines that do not take into account rehabilitation to a prisoner sentenced under the Youth Corrections Act under the expectation that his rehabilitative progress would determine his release date constituted an unconstitutional *ex post facto* law. *Shepard* stated that "the guidelines do not constitute impermissible *ex post facto* laws when applied to an adult offender since, in such an instance, they merely clarify the exercise of administrative discretion without altering any existing consideration for parole release." At 654. A change in the guidelines does somewhat more than "clarify," because it alters the significance the Commission attaches to particular factors. But among the aspects of the Commission's discretion in making parole decisions for regular adult offenders is the power to revise its standards for the exercise of its discretion in the light of the experience which it is continuously generating. The *ex post facto* clause does not require that parole standards be frozen at the time of sentencing. *Shepard*, a decision grounded in the special considerations of the Youth Corrections Act, does not control here.

Petitioner claims that the Commission gave him an inadequate statement of reasons for the denial of parole when it told him only that there was no reason to go outside the guidelines in his case. While this Court has expected a more specific statement of reasons where the Commission goes outside the normally expected guideline range, see *Lupo v. Norton*, 371 F.Supp. 156 (D.Conn.1974), a statement that there is no reason to deviate from the guidelines is sufficient under both the Constitution and the Commission's regulations. *Battle v. Norton*, 365 F.Supp. 925 (D.Conn.1973).

Finally, petitioner argues that the inclusion in his parole file of copies of documents filed by him in civil actions against prison officials was improper. For the reasons stated in a related petition raising the same issue, this claim is without merit. See *Richards v. Wilkinson*, Civil No. B–77–142 (D.Conn. Sept. 1, 1977).

Accordingly, the petition is dismissed. The papers may be filed without fee and need not be served since (1) the petition on its face conclusively indicates that there is no entitlement to relief and (2) a copy of this decision will be made available to the respondent. See *Pugh v. Hull*, 419 F.Supp. 39 (D.Conn.1976).

action, the petition simply does not state a valid claim for habeas corpus relief, because a parole denial is not invalid even though it may differ from the expectations of the sentencing judge. If such variance can be said to affect the validity of the sentence, such a claim must be presented to the sentencing judge under § 2255. *See United States v. Salerno, supra.*