**John DIOGUARDI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 1222, Docket 78–2058.**

United States Court of Appeals, Second Circuit.

Argued Aug. 15, 1978.

Decided Nov. 15, 1978.

---

John L. Pollok, New York City (Jay Goldberg, New York City, of counsel), for petitioner-appellant.

Mary Jo White, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, Howard W. Goldstein, Asst. U. S. Atty., New York City, of counsel), for respondent-appellee.

Before VAN GRAAFEILAND, Circuit Judge, and MARKEY, Chief Judge, U.S. Court of Customs and Patent Appeals,* and DOOLING, District Judge.**

VAN GRAAFEILAND, Circuit Judge:

This appeal presents a question left unanswered in *United States v. Slutsky*, 514 F.2d 1222, 1228 (2d Cir. 1975), namely, whether the United States Parole Commission's deci-

sion to grant or deny parole is part of the trial court's sentencing process. The answer to this question will determine whether the court that sentenced appellant erred in denying his 28 U.S.C. § 2255 motion for resentencing where the motion was based upon a change of emphasis in the Commission's criteria for granting parole that took place after the original sentence was imposed. Prior to the enactment of section 2255, a prisoner seeking collateral relief from allegedly illegal detention was required to petition for habeas corpus in the district where he was incarcerated. Where the prisoner's complaint concerns the illegality of his sentence, section 2255 permits him now to move the sentencing court to vacate, set aside, or correct the sentence. A motion under section 2255 must, however, be directed to the sentence as it was imposed, not to the manner in which it is being executed. *United States v. Huss*, 520 F.2d 598, 603–04 (2d Cir. 1975).

On October 2, 1970, appellant entered prison in Lewisburg, Pennsylvania, to begin serving a five-year sentence for bankruptcy fraud and conspiracy. On April 12, 1973, after being convicted of securities, mail, and wire fraud, appellant was sentenced to nine years imprisonment to commence at the expiration of the five-year sentence already imposed. On February 5, 1974, following his conviction on a third trial of other violations, appellant was sentenced to ten years imprisonment to be served concurrently with the nine-year term. Appellant's second trial was before Chief Judge Edelstein of the Southern District of New York; his third trial was before Judge Knapp, also of the Southern District.

In May 1972, appellant sought parole from his five-year sentence. This was denied, and he was required to serve his full term. In May 1973, the Commission reopened appellant's case because of appellant's contention that his physical condition was deteriorating. Again, parole was denied.

---

* Hon. Howard T. Markey, Chief Judge, U.S. Court of Customs and Patent Appeals, Washington, D.C., sitting by designation.

** Hon. John F. Dooling, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

In November 1973, the Parole Commission adopted certain "Paroling policy guidelines".[1] In so doing, the Commission substantially modified the standards under which it made its parole decisions. After the adoption of the guidelines, the Commission gave greater weight than before to a prisoner's pre-incarceration record and less weight than before to the prisoner's institutional record. *See Grasso v. Norton*, 520 F.2d 27, 33–34 (2d Cir. 1975); *United States v. Slutsky, supra*, 514 F.2d at 1227–30.

The Commission considered appellant for parole in August 1975 and again in August 1977. On each occasion, parole was denied and the matter continued for subsequent review.[2] In each instance, the Commission placed great weight upon appellant's criminal record which, according to the Commission's reports, showed that he had had extensive dealings in organized crime and had been "a prominent figure in a structured criminal syndicate composed of professional criminals." Indeed, because of appellant's extremely bad record, the Commission felt that his incarceration should continue beyond the period recommended in the parole guidelines.[3]

In January 1978, appellant brought a section 2255 motion before Judge Knapp seeking to be resentenced on the grounds that Judge Knapp and Chief Judge Edelstein were unaware of the 1973 guidelines at the time of sentencing and that the adoption of the guidelines frustrated their sentencing expectations and intent. Judge Knapp indicated at oral argument that he had little recollection of his thoughts concerning parole at the time of sentencing. He concluded, however, that he need not speculate as to what he had thought, because section 2255 did not empower him to grant the relief that appellant sought.

There is a difference of opinion among the circuits on this issue. The First and Ninth Circuits would agree with Judge Knapp's interpretation of section 2255. *See*

*United States v. McBride*, 560 F.2d 7, 10 (1st Cir. 1977); *Andrino v. United States Board of Parole*, 550 F.2d 519, 520 (9th Cir. 1977). The Third Circuit would disagree. *See Addonizio v. United States*, 573 F.2d 147, 151 (3d Cir. 1978). The Eighth Circuit would disagree if the prisoner had been sentenced under 18 U.S.C. § 4208(a)(2). *See Edwards v. United States*, 574 F.2d 937, 945–46 (8th Cir. 1978). The Sixth Circuit adopts a middle ground, holding that a claim of sentencing error under section 2255 cannot be based upon the unrecorded subjective intent of the sentencing judge. *See Wright v. United States Board of Parole*, 557 F.2d 74, 79 (6th Cir. 1977). The Fifth Circuit has refrained from choosing among the conflicting views. *See United States v. Kent*, 563 F.2d 239, 241 (5th Cir. 1977). *But cf. United States v. McIntosh*, 566 F.2d 949, 951 (5th Cir.), *petition for rehearing granted and opinion withdrawn*, 566 F.2d 952 (1978). As might be expected where such eminent authorities differ, there are cogent arguments for each point of view. We see no need to weigh them one against the other, because we believe the proper course for this Court to follow has been charted by recent pronouncements of the Supreme Court.

Although the Supreme Court has not yet had occasion to differentiate between the functions of the sentencing judge and the Parole Commission in the context of a section 2255 motion, it has, nonetheless, made it quite clear that it does not consider the Commission's decision to grant or deny parole to be part of the sentencing process. In *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), the Court said that "[p]arole arises after the end of the criminal prosecution, including imposition of sentence." In *Bradley v. United States*, 410 U.S. 605, 611 n. 6, 93 S.Ct. 1151, 1156 n. 6, 35 L.Ed.2d 528 n. 6 (1973), the Court added that "[t]he decision to grant parole under § 4202 lies with the

---

1. The guidelines as amended are codified at 28 C.F.R. § 2.20.

2. Appellant's next parole hearing is scheduled for August 1979.

3. Under the Commission's rules, decisions either above or below the guidelines may be rendered, and especially mitigating or aggravating circumstances may justify a decision or severity rating different from that listed. 28 C.F.R. § 2.20(c), (d).

Board of Parole, not with the District Judge, and must be made long after sentence has been entered and the prosecution terminated." In *Warden v. Marrero*, 417 U.S. 653, 658–59, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), the Court clarified the footnote in *Bradley* by holding that the district judge, as part of his sentencing function, may determine when the defendant will become eligible for parole consideration but that the decision whether release on parole should be granted is made by the Parole Commission after the prosecution has terminated.[4]

This court has not yet passed upon the question presented in the instant case. However, the distinction between eligibility for parole consideration and parole release was recognized implicitly in *Grasso v. Norton, supra*, 520 F.2d 27. We there held that prisoners sentenced under 18 U.S.C. § 4208(a)(2) (now 18 U.S.C. § 4205(b)(2)) are entitled to receive effective and meaningful parole consideration at or before the one-third point of their sentence. At the same time, we stated that whether or not the prisoner is released is within the discretion of the parole board. *Id.* at 37.

Congress has given the Parole Commission the sole power to grant or deny parole in the exercise of its discretion. *Billiteri v. Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). As applied to an adult offender, the Commission's guidelines merely clarify the exercise of this administrative discretion. *Shepard v. Taylor*, 556 F.2d 648, 654 (2d Cir. 1977). The Commission is not bound to adhere inexorably to the guidelines, *Ruip v. United States*, 555 F.2d 1331, 1335 (6th Cir. 1977), and its decisions may be either above or below them. *Grasso v. Norton, supra*, 520 F.2d at 34; *see* note 3 *supra*. Moreover, the Commission is required to review the guidelines periodically and may revise or modify them at any time. 18 U.S.C. § 4203(a)(1); 28 C.F.R. § 2.20(g). ·Future revisions might well frustrate the ·present intentions of those sentencing judges who

feel that they can predict the length of incarceration with some degree of certainty under the existing guidelines. On the other hand, the intentions of Congress, as expressed in former section 4203 and its successor, section 4206, would be thwarted if the promulgation of the guidelines and every future change therein warranted a section 2255 proceeding for resentencing. *See United States v. McBride, supra*, 560 F.2d at 11. We believe that our adoption of the Supreme Court's reasoning in *Warden v. Marrero, supra*, will best effectuate the congressional intent.

The order appealed from is affirmed.

---

4. In its own footnote, the Court said, "The statement in *Morrissey v. Brewer*, 408 U.S. 471, 480, [92 S.Ct. 2593, 33 L.Ed.2d 484] (1972), that '[p]arole arises after the end of the criminal prosecution, including imposition of sentence' was addressed to the decision determining the time of *release* on parole as distinguished from the decision determining *eligibility*." 417 U.S. at 659 n. 9, 94 S.Ct. at 2536 n. 9.