Emory MYRICK

v.

Robert A. GUNNELL, Warden, Federal Correctional Institution; United States Parole Commission.

Civ. No. B–82–463.

United States District Court, D. Connecticut.

Feb. 9, 1983.

M. Yvonne Gonzalez, Casale & Gonzalez, Branford, Conn., for petitioner.

Linda Lager, Asst. U.S. Atty., New Haven, Conn., for respondent.

## RULING ON OBJECTION TO SPECIAL RECORD REVIEW

ELLEN B. BURNS, District Judge.

This action was commenced on August 3, 1982, by an inmate at the Federal Correctional Institution at Danbury, Connecticut, who alleged the United States Parole Commission erred in determining his parole eligibility date. In response to the petition, the government essentially conceded that the preponderance of the evidence did not support the severity rating assigned to petitioner's offense. In light of Regional Counsel's suggestion that this error could be cured most expeditiously by voluntary administrative review, the Court stayed action on the petition pending the outcome of that process. The case is now before the Court on petitioner's objection to the result of the administrative re-determination.

## BACKGROUND

On June 20, 1980, petitioner was sentenced to three years imprisonment for possession of stolen property in violation of 18 U.S.C. § 2315; on July 24, 1980, he was sentenced to a consecutive term of three years imprisonment to be followed by five years probation for conspiracy to violate federal drug laws and possession of a weapon during the commission of a felony in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Petitioner has been imprisoned since June 20, 1980. In October, 1980, he had his initial parole eligibility hearing and was given a salient factor score of eight and an offense severity rating of "greatest I." It was recommended that petitioner serve his sentence to termination. On appeal, the Regional Parole Commission increased petitioner's salient factor score to nine, thereby reducing the appropriate time to be served before release under the guidelines to 40–52 months. The Commission declined, however, to modify the recommendation that petitioner remain in prison until his statutory release date. The regional hearing examiners at petitioner's interim parole hearing in April, 1982, recommended he be released at the completion of 36 months but the Commission rejected the recommendation and petitioner filed suit.

In the petition for a writ of habeas corpus petitioner alleged there was no evidence to support the Commission's finding that he was involved in a conspiracy to manufacture over 200,000 doses of illicit drugs. He alleged also that his offense severity rating was excessive because the evidence showed the conspiracy was not consummated and therefore his offense should have been rated one grade lower. Furthermore, petitioner alleged the Commission erred in finding he had a "managerial interest" in the conspiracy and in basing its decision on his guilt for committing several offenses. By way of relief, petitioner requested a new parole eligibility hearing, reclassification in the "very high" offense severity category and immediate release to parole. In light of the Commission's willingness to correct an admittedly excessive offense severity rating, the Court declined to reach the merits of the petition.

Although the Court anticipated that the action would be mooted by the review un-

der 28 C.F.R. § 2.28(a) (1982),[1] that expectation proved to be overly optimistic. On September 23, 1982, hearing examiners in the Northeast Regional Office of the Parole Commission reduced petitioner's offense severity rating to "very high" and recommended release to parole after 36 months imprisonment, the maximum under the applicable guidelines. This matter was then referred to an "Administrative Hearing Examiner" who recommended instead that petitioner serve to the expiration of his term. The Regional Commissioner in turn reviewed the case and, acting pursuant to his purported authority under 28 C.F.R. § 2.24(b)(2),[2] added six months to petitioner's presumptive parole date, thus making him eligible for parole on December 20, 1983.

In concluding that a decision outside the guidelines was appropriate, the Regional Commissioner relied on four factors: petitioner had a managerial role in the criminal offense; petitioner possessed a loaded gun when arrested; petitioner was awaiting prosecution on charges of receiving stolen property when he participated in the conspiracy to manufacture illicit drugs, and petitioner used a "strong arm man" to force others to join in the alleged conspiracy to distribute drugs. As earlier alleged in the petition for a writ of habeas corpus, petitioner now claims this latest action by the Parole Commission is premised on facts that were not established by the preponderance of the evidence as required by 28 C.F.R. § 2.19(c).[3] Additionally, petitioner asserts the Regional Commissioner erred in finding he used a strong arm man because that matter had not been raised at any of the earlier hearings. Finally, petitioner argues the Regional Commissioner erred in basing his decision to go beyond the guidelines on the same facts used to establish the appropriate offense severity rating. Respondent disputes these allegations and urges the Court to find that the Regional Commissioner acted well within the scope of his discretion.

## DISCUSSION

It is well settled that the Court's role in reviewing decisions by the Parole Commission is limited.

---

1. 28 C.F.R. § 2.28(a) provides:
    *Favorable information.* Notwithstanding the appeal procedures of §§ 2.25 and 2.26, the appropriate Regional Commissioner may, on his own motion, reopen a case at any time upon the receipt of new information of substantial significance favorable to the prisoner and may then take any action authorized under the provisions and procedures of § 2.25. Original jurisdiction cases may be reopened upon the motion of the appropriate Regional Commissioner under the procedures of § 2.17.

2. 28 C.F.R. § 2.24(b) provides:
    Notwithstanding the provisions of paragraph (a) of this section, a Regional Commissioner may:
    (1) On his own motion, modify or reverse the recommendation of a hearing examiner panel that is outside the guidelines to bring the decision closer to (or to) the nearer limit of the appropriate guideline range; or
    (2) On his own motion, modify the recommendation of a hearing examiner panel to bring the decision to a date not to exceed six months from the date recommended by the examiner panel;
    (3) Return the case to the institution for a rehearing, provided that a notice of action is sent to the prisoner specifying the purpose of the rehearing;
    (4) Designate the case for the original jurisdiction of the Commission pursuant to § 2.17.

3. 28 C.F.R. § 2.19(c) provides:
    The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. However, the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial unless reliable information is presented that was not introduced into evidence at such trial (e.g., a subsequent admission or other clear indication of guilt).

Congress has given the Parole Commission the sole power to grant or deny parole in the exercise of its discretion. *Billiteri v. Board of Parole,* 541 F.2d 938, 944 (2d Cir.1976). As applied to an adult offender, the Commission's guidelines merely clarify the exercise of this administrative discretion. *Shepard v. Taylor,* 556 F.2d 648, 654 (2d Cir.1977). The Commission is not bound to adhere inexorably to the guidelines, *Ruip v. United States,* 555 F.2d 1331, 1335 (6th Cir.1977), and its decisions may be either above or below them. *Grasso v. Norton,* [520 F.2d 27, 34 (2d Cir.1975)].

*Dioguardi v. United States,* 587 F.2d 572, 575 (2d Cir.1978). Despite this deferential standard, this Court must assure that the Commission does not abuse its discretion, *Billiteri v. United States Board of Parole, supra,* or violate a prisoner's constitutional right to due process of law. *See Sperling v. Fitzpatrick,* 426 F.2d 1161, 1163 (2d Cir. 1970). Also, the Court has authority to review administrative action affecting parole eligibility to determine if the challenged action complies with rules and regulations established by the Parole Commission on parole eligibility.

■ The Parole Commission must give prisoners a written statement of the reasons for its decisions and the information relied on. *See* 18 U.S.C. § 4206(c); [4] 28 C.F.R. § 2.13(d).[5] Where the Commission decides to go outside the guidelines, it must give the prisoner specific reasons different from those already relied on in determining the prisoner's offense severity rating. *See Hearn v. Nelson,* 496 F.Supp. 1111, 1115 (D.Conn.1980). The Commission has wide latitude in considering information relevant to its inquiry, *see* 28 C.F.R. § 2.19(a) and (b),[6] and on judicial review the question "is not whether the Board is supported by the preponderance of the evidence or even by substantial evidence; the inquiry is whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons." *Zannino v. Arnold,* 531 F.2d 687, 691 (3d Cir.1976).

■ According to the Notice of Action dated November 2, 1982, petitioner's offense severity was rated very high because he was "part of a conspiracy to manufac-

**4.** 18 U.S.C. § 4206(c) provides:

The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.

**5.** 28 C.F.R. § 2.13(d) provides:

In accordance with 18 U.S.C. 4206, reasons for parole denial may include the following, with further specification as appropriate:

(1) The prisoner has not substantially observed the rules of the institution or institutions in which confined;

(2) Release, in the opinion of the Commission, would depreciate the seriousness of the offense or promote disrespect for the law; or

(3) Release, in the opinion of the Commission, would jeopardize the public welfare. In lieu of, or in combination with, the above reasons the prisoner shall be furnished with a guidelines evaluation statement containing his offense severity rating and salient factor score (including the points credited on each item of such score) as described in § 2.20, as well as the specific factors and information relied upon for any decision to continue such

prisoner for a period outside the range indicated by the guidelines.

**6.** 28 C.F.R. § 2.19 provides, in relevant part, that:

(a) In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:

(1) Reports and recommendations which the staff of the facility in which such prisoner is confined may make;

(2) Official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;

(3) Pre-sentence investigation reports;

(4) Recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge and prosecuting attorney; and

(5) Reports of physical, mental, or psychiatric examination of the offender.

(b) There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available (18 U.S.C. 4207). The Commission encourages the submission of relevant information concerning an eligible prisoner by interested persons.

ture synthetic drugs." The Regional Commissioner cited four aggravating factors in going outside the guidelines:

> In addition to having a managerial role in the drug conspiracy, you utilized a 'strong-arm' man to threaten others into participating in the conspiracy. Furthermore, when apprehended, you were in possession of a loaded gun. You committed the drug offense while pending prosecution on a charge of receipt of stolen goods.

Notice of Action of November 2, 1982 (Ex. B to Notice of Results of Special Record Review and Objection Thereto.) Contrary to petitioner's assertion, the Notice of Action makes it plain that the Regional Commissioner relied on different factors to exceed the guidelines from those used to establish the offense severity rating. Petitioner's contention that he was denied notice of the evidence to be used against him is likewise without merit. When the Commission agreed to the special record review, petitioner was put on constructive notice that his entire file would be reviewed. Although he did not then have a fresh opportunity to be heard or to contest the information relied upon by the Commission, earlier he had appeared before the hearing examiners and challenged allegations in the pre-sentence report. As for the claim that the Commission ignored petitioner's testimony at the earlier hearing, it appears that the Commission simply discredited petitioner's testimony—a judgment on the evidence vested solely within the Parole Commission.

Richards v. Crawford, 437 F.Supp. 453, 455 (D.Conn.1977).

█ Although the Parole Commission was entitled to reject petitioner's testimony and consider information in his pre-sentence report, 18 U.S.C. § 4207(3),[7] 28 C.F.R. § 2.19(a)(3),[8] the Court questions whether the Commission could rely on that information. In resolving disputed issues of fact, the Commission must use the preponderance of evidence standard; in other words, "the Commission shall rely upon such information [as is disputed by petitioner,] *only to the extent that it represents the explanation of the facts that best accords with reason and probability.*" 28 C.F.R. § 2.19(c) (1982) (emphasis added). The problem here arises from respondent's admission that the information in the pre-sentence report did not support the Commission's finding, now abandoned, that petitioner was involved in an attempt to manufacture more than 200,000 doses of illicit drugs. While this admission may relate only to that portion of the pre-sentence report pertaining to quantity of doses, respondent has provided no basis for distinguishing this erroneous information from other information in the pre-sentence report. Thus, on the present record, it is doubtful whether the Commission's finding that petitioner had a managerial role in the conspiracy and used a strong arm man "best accords with reason and probability" as required by 28 C.F.R. § 2.19(c) (1982).[9]

█ Apart from this possible error, the Commission committed a more fundamental error in rejecting the recommendation of

---

**7.** 18 U.S.C. § 4207 provides:

In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:

(1) reports and recommendations which the staff of the facility in which such prisoner is confined may make;

(2) official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;

(3) presentence investigation reports;

(4) recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge; and

(5) reports of physical, mental, or psychiatric examination of the offender.

There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available.

**8.** *See* note 6, *supra.*

**9.** This problem may stem from the somewhat conclusory nature of the notice of action and the affidavit submitted by respondent. To the extent this is true, in the future respondent should provide petitioner and the Court with a fuller explanation of its action. *See* 18 U.S.C. § 4206(c), note 4, *supra;* 28 C.F.R. § 2.13(d), note 5, *supra.*

the regional hearing examiners. After petitioner commenced this action, the Regional Commissioner reopened the case for a special record review pursuant to 28 C.F.R. § 2.28(a), which permits the Regional Commissioner to "reopen a case at any time upon the receipt of new information of substantial significance favorable to the prisoner and [to] then take any action authorized under the provisions and procedures of § 2.25." Here, however, the Regional Commissioner acted under the purported authority of 28 C.F.R. § 2.24(b)(2).[10] Since that provision is inapplicable to special record reviews under 28 C.F.R. § 2.28(a), the Regional Commissioner erred and his decision must be vacated. Despite the error by the Regional Commissioner, petitioner's request for immediate release on parole must be denied. Even if the Court were to find that the Commission could not go outside the guidelines, a conclusion not reached here, petitioner's presumptive parole date would be June 20, 1983. Additionally, since the Regional Commissioner can review the recommendation of the regional hearing examiners under 28 C.F.R. § 2.25(b),[11] he should be given that opportunity. Therefore, the Court vacates the decision of the Regional Commissioner and orders the Regional Commissioner to take appropriate action under 28 C.F.R. § 2.25(b). In acting on the recommendation of the regional hearing examiners, the Regional Commissioner must follow the mandate of 28 C.F.R. § 2.19(c) and should bear in mind the concern expressed herein.

### CONCLUSION

The decision of the Regional Commissioner to go outside the parole eligibility guidelines is vacated and the matter is remanded to the Regional Commissioner for his prompt reconsideration.

SO ORDERED.

10.  See note 2, *supra*.

11.  28 C.F.R. § 2.25(b) provides:

(b) The Regional Commissioner may affirm the decision, order a new institutional hearing on the next docket, order a regional appellate hearing, or reverse or modify the decision. The following actions, whether based on the record or following a regional appellate hearing, require the concurrence of two out of three Regional Commissioners:

(1) Any modification resulting in a reduction of more than 180 days (other than a modification that brings a decision from above the appropriate guideline range closer to, or to, the nearer limit of the appropriate guideline range);

(2) Any modification resulting in a decision below the appropriate guideline range;

(3) Reversal of a decision (i.e., any modification of a ten-year reconsideration hearing decision to a presumptive or effective parole date).

Decisions requiring a second or additional vote shall be referred to other Regional Commissioners on a rotating basis as established by the Chairman.