Maria OSORIO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CV 90–0740.

United States District Court, E.D. New York.

April 27, 1992.

Maria Osorio, pro se.

Andrew J. Maloney, U.S. Atty. by Loretta E. Lynch, Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Maria Osorio ("petitioner") moves pursuant to 28 U.S.C. § 2255 to vacate, reduce, or modify the sentence that she is currently serving on the ground that the United States Parole Commission ("Parole Com-

mission") wrongfully revoked the Special Parole Term imposed on her by this Court. Petitioner, who was a resident alien from Colombia when she pled guilty to illegally importing cocaine into the United States, was sentenced by this Court to a three year prison term and a Special Parole Term of ten years. A special condition of petitioner's Special Parole was that she not re-enter this country illegally if she were deported or otherwise left the United States.

Petitioner served her prison term and thereafter voluntarily returned to her native country after final deportation procedures. She was subsequently re-arrested in New York City and indicted on drug charges. After being notified of petitioner's presence and arrest in the United States, the Parole Commission conducted an initial revocation hearing after which it revoked petitioner's Special Parole Term, ruled that she receive no credit for time served on Special Parole, and ordered that she serve a prison term of seventy-two months.

Petitioner claims that the Parole Commission's decision was not supported by sufficient evidence. Petitioner requests vacatur of her present sentence, credit for Special Parole time served, reduction of her sentence to time served, and immediate release from custody. For the reasons stated below, petitioner's motion is dismissed.

## BACKGROUND

Petitioner was arrested September 25, 1984 at John F. Kennedy International Airport after arriving on a flight from Bogota, Colombia. During a routine customs inspection, forty-three condom-wrapped balls of cocaine were found sewn into the lining of petitioner's cloth carry-on bag. A physical search of petitioner revealed forty-eight more cocaine filled condoms taped to her upper thigh. Upon questioning, petitioner admitted that she was also carrying cocaine internally. She was brought to a hospital by customs officials and over the course of several days evacuated twenty-eight more cocaine filled condoms. In total, petitioner was charged with smuggling 1,013 grams of high-quality cocaine into the United

States in violation of 21 U.S.C. § 952(a) and possession of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1).

Petitioner pled guilty to the count of illegally importing cocaine into the United States. She was sentenced on January 24, 1985 to a term of three years of imprisonment and a Special Parole Term of ten years with a special condition that she not illegally re-enter the United States if she were deported or otherwise left the country. The charge of possession was dismissed at the time of sentencing.

Petitioner finished serving her prison term in 1986. She was released directly to Immigration and Naturalization Services on August 25, 1986, placed in custody, and released therefrom on a recognizance bond on October 3, 1986. Her Special Parole Term began on March 28, 1987. On August 10, 1987, after final deportation procedures, petitioner voluntarily left the United States to return to Colombia.

On June 9, 1988, petitioner was again arrested in New York City after one of her companions attempted to sell a kilogram of cocaine to an undercover police detective. A physical search revealed that petitioner was carrying twenty-six grams of cocaine in her pocketbook. She was charged with criminal facilitation and placed in custody.

The Parole Commission was informed of petitioner's presence and arrest in the United States and, on July 6, 1989, conducted an initial revocation hearing. Petitioner was represented at this hearing by counsel from the Federal Defenders Office. In a Notice of Action, the Parole Commission revoked petitioner's Special Parole Term, ruled that she receive no credit for time already served on Special Parole, and ordered that she be incarcerated for seventy-two months before receiving presumptive parole. The Parole Commission noted that its reasons were based on petitioner's criminal facilitation of a cocaine sale, as well as her possession of cocaine.

Petitioner appealed to the National Appeals Board of the Parole Commission. Petitioner claimed that the cocaine found in her pocketbook did not belong to her and, moreover, that the Parole Commission ig-

nored this and other evidence when it revoked her Special Parole Term. The Parole Commission affirmed its determination, noting that it had considered petitioner's version of the violation behavior but was not persuaded that she had not committed the acts on which its decision was based.[1] The Government points out that pursuant to 18 U.S.C. § 4201 et seq., now repealed but which still governs cases involving parole, the revocation action was handled entirely by the Parole Commission.

## DISCUSSION

■ 28 U.S.C. § 2255 authorizes the sentencing court to discharge or resentence a prisoner in custody if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255; United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). Subsequent actions by the Parole Commission do not negate the validity of the sentence itself and do not provide a basis for collateral attack pursuant to § 2255. Addonizio, 442 U.S. at 190, 99 S.Ct. at 2243. Thus, a § 2255 motion must address the imposition of the sentence, and not the manner in which it is executed. Dioguardi v. United States, 587 F.2d 572, 573 (2d Cir.1978) (citing United States v. Huss, 520 F.2d 598, 603–04 (2d Cir.1975)); see also Vanacore v. United States, 440 F.Supp. 442, 444 (E.D.N.Y.1977) (citation omitted).

■ In the instant action, although petitioner states that she "believes the sentence given by the court is exortibant [sic] and not in keeping with the facts" and that "evidence was and is lacking but ignored by the Court, the Parole Board and needs to be corrected," Petitioner's Motion at pp. 3, 4, her argument challenges only the actions of the Parole Commission and not the sentence as imposed by this Court. In-

deed, petitioner herself points out that "[t]his is a Parole Violation." Id. at p. 1.

Petitioner has not challenged the validity of her original sentence nor made any claims that it was unconstitutional, excessive, imposed without jurisdiction, or otherwise subject to collateral attack. See 28 U.S.C. § 2255. Her argument is directed only to the legitimacy of her second arrest; a factor assessed by the Parole Commission in making its determination to revoke petitioner's Special Parole Term. "The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the Parole Commission." Addonizio, 442 U.S. at 188, 99 S.Ct. at 2242 (footnote omitted).

In Dioguardi, the Second Circuit affirmed a district court's denial of a petitioner's request for resentencing, based on a change in Parole Commission policy that resulted in the denial of the early parole date the petitioner had expected. The district court had denied the petition on the ground that § 2255 does not confer on it the power to grant the relief sought. See Dioguardi, 587 F.2d at 574. The Second Circuit stated that Congress vested with the Parole Commission the discretion and sole power to grant or deny parole. Id. at 575 (citing Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir.1976)); see also Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972) ("[p]arole arises after the end of criminal prosecution, including the imposition of sentence."); United States v. Schifano, 748 F.Supp. 172, 174–75 & n. 1 (S.D.N.Y.1990) (citations omitted) (§ 2255 does not extend to decisions of the Parole Commission; rather, petitioner's remedy was to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of incarceration).

In the present case, the Parole Commission, in its discretion and after conducting a hearing on the issue, revoked petitioner's Special Parole Term. It is not this Court's function, nor does it have the power, to

---

1. An interim hearing was scheduled for July of 1991 but, according to the Government, the Pa- role Commission does not have a record of the disposition of this hearing.

review the Parole Commission's discretion in revoking petitioner's Special Parole Term.[2] *Billiteri*, 541 F.2d at 944 (citing *Brest v. Ciccone*, 371 F.2d 981, 982–83 (8th Cir.1967)). Therefore, petitioner's claim that insufficient evidence existed for the Parole Commission's determination is not reviewable by this Court.

## CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to 28 U.S.C. § 2255 is dismissed.

SO ORDERED.

**2.** The Second Circuit noted that during the pendency of the appeal, the United States Board of Parole was replaced by the United States Parole Commission on March 15, 1976 after the passage of the Parole Commission and Reorganization Act. *Billiteri*, 541 F.2d at 941 nn. 1–2 (referring to 18 U.S.C. § 4202).