UNITED STATES of America

v.

Lawrence JANIEC, Appellant in No.
74–1281 et al.

Appeal of Samuel LAYTHAM,
in No. 74–1282.

Nos. 74–1281, 74–1282.

United States Court of Appeals,
Third Circuit.

Submitted Aug. 22, 1974.

Decided Oct. 30, 1974.

Certiorari Denied Feb. 24, 1975.
See 95 S.Ct. 1331, 1332.

Joel D. Lowinger, Millburn, N. J., for appellant Janiec.

Thomas F. Campion, Shanley & Fisher, Newark, N. J. (Joseph L. Cook, Newark, N. J., of counsel), for appellant Laytham.

Jonathan L. Goldstein, U. S. Atty., John J. Barry, Richard S. Zackin, Asst. U. S. Attys., Newark, N. J., for appellee.

Before KALODNER, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

Van DUSEN, Circuit Judge.

Movants-appellants challenge a February 28, 1974, district court order (a) denying their motions for reduction of their sentences, and (b) further amending sentences as previously amended on July 26, 1973, by deleting that portion of such July 26 order which provided that movants serve their federal sentences in state custody.

Movants were originally sentenced on July 30, 1971, to confinement for terms of 20 years each, after entering guilty pleas to Count I of an indictment (Criminal No. 106–70, D. N.J.) charging them with bank robbery in violation of 18 U. S.C. § 2113(a). While appeals filed by movants challenging these sentences were pending, they were sentenced by the New Jersey state court to prison terms of 13–19 years, following guilty pleas, for the same bank robbery and related crimes.[1] Such state prison terms were directed to be·concurrent with the July 30, 1971, federal sentences. On June 23, 1972, this court reversed a September 21, 1971, district court order denying motions by movants (a) for reduction of sentence pursuant to F.R. Crim.P. 35 and (b) for disclosure of presentence reports, and directed that the case be "remanded for resentencing." See United States v. Janiec, 464 F.2d 126 (3d Cir. 1972). On September 15, 1972, the district court vacated the sentences of July 30, 1971 (10a, Laytham Appendix), and sentenced each movant to the custody of the Attorney General

for 12 years, with the provision that each of them should be eligible for parole at any time determined by the U. S. Board of Parole pursuant to 18 U.S.C. § 4208(a)(2). At the end of the sentencing proceeding, the sentencing judge made these two statements with reference to movants' requests to be imprisoned in a New Jersey institution near their families:

A. As to defendant Janiec (16a of Laytham Appendix):

"Now, under this proviso, Mr. Lowinger [counsel for Janiec], after you have taken the necessary steps in the State Court, find out what that Judge is going to do with that concurrent sentence imposed, being imposed, and then this Court will seriously consider making this sentence a suspended sentence in light of the State sentence."

B. As to defendant Laytham (p. 7 of 9/15/72 transcript in Criminal No. 106–70, D. N.J.):

". . . Mr. Laytham: You contact the state authorities and find out, what, if anything, they are going to do about that state matter, because this Court will seriously consider giving this man a concurrent sentence pursuant to the proper notice of motion filed under Rule 35."

The court also made clear at that sentencing proceeding that counsel for movants could make application for resentencing under F.R.Crim.P. 35 within 120 days (17a, Laytham Appendix).

On January 9 and 10, 1973, motions for reduction of sentence under F.R. Crim.P. 35 by Janiec and Laytham,[2] respectively, were filed. On July 27, 1973, the district court filed orders dated July

---

1. The Janiec Appendix (16a) contains a copy of a March 17, 1972, Union County, New Jersey, court sentence of Janiec, providing for confinement of not less than 13 years and not more than 19 years with the provision that the term is "to run concurrently

with sentence imposed by the U.S. District Court . . . on 7/30/71."

2. It is noted that in Laytham's motion (Document 79 in Criminal No. 106–70, D.N.J.), the court said: "[T]his matter is addressed to the discretion of the court."

26, 1973, providing, *inter alia*, as follows [3] (Janiec Appendix, 23–24):

"The matter having been opened to the Court . . . for an Order pursuant to Rule 35 . . . and it appearing that the above named defendants are both presently incarcerated under sentence of this Court and are at the same time serving a concurrent sentence pursuant to the Order of the Honorable Chester A. Weidenburner, Judge of the Union County Court of the State of New Jersey, and it being deemed in the interest of all parties that the defendants above named serve their sentence pursuant to the sentence of the Honorable Chester A. Weidenburner and the Court having considered the matter:

"It is on this 26th day of July, 1973, Ordered That:

"A. The sentences heretofore entered in the above captioned matter are hereby vacated and the defendants are hereby resentenced to a term of twelve (12) years to be served concurrently with that imposed by the Honorable Chester A. Weidenburner, Judge of the Union County Court of the State of New Jersey, under the care and custody of the proper officials of the New Jersey State Department of Institutions and Agencies, credit to be given for the time already served, and subject to the rules and regulations of the New Jersey State Department of Institutions and Agencies, Division of Correction and Parole; . . . ."

On August 8, 1973, the Acting Warden at the United States Penitentiary, Atlanta, Georgia, wrote the Assistant United States Attorney for the District of New Jersey, *inter alia*, as follows (DJA-Defendant Janiec Appendix-26):

"To comply with the recommendations of Honorable Lawrence A. Whipple, Judge, United States District Court for the District of New Jersey, order in Criminal Case No. 106–70, issued July 26, 1973, in the case of Lawrence Janiec, we have endeavored to transfer Janiec to the State of New Jersey, Department of Institutions and Agencies.

". . . they do not wish to accept Janiec in their system for concurrent service of sentence."

Apparently because the New Jersey authorities refused to take custody of movants, movant Janiec filed on September 7, 1973, a notice of motion for reduction of the July 26, 1973, sentence, denominated as Motion for Order Amending Order Vacating Sentence (Document 83 in Criminal No. 106–70, D. N.J.). This notice stated that the application would be presented to the court on October 8, 1973. The docket entries indicate that the hearing on this motion was held on October 9, 1973, but

---

3. The United States Attorney, in his supplemental brief, concedes that there is substantial authority to support the authority of the district court to reduce a sentence under F.R.Crim.P. 35 more than 120 days after the sentence to be changed, where a motion for such reduction has been filed within the 120-day period, even though that Rule provides: "The court may reduce a sentence within 120 days after the sentence is imposed . . . ." See, *e. g.*, Leyvas v. United States, 371 F.2d 714, 719 (9th Cir. 1967); Dodge v. Bennett, 335 F.2d 657 (1st Cir. 1964); United States v. Koneski, 323 F.2d 862 (4th Cir. 1963); Irizzary v. United States, 58 F.R.D. 65 (D.Mass.1973); United States v. Ursini, 296 F.Supp. 1152 (D.Conn. 1968); see also 2 Wright, Federal Practice and Procedure (Criminal), § 587 at p. 573;

8A Moore's Federal Practice (2d ed.), ¶ 35.02 [2] at p. 35–6. Wright, *supra*, contains this language:

"Literally read, the time limits then would apply to the order of the court reducing sentence and the court could not act after the time had gone by even though a prompt motion had been made. Fortunately the courts have avoided so singular a result and have interpreted the time period as related to the filing of a motion for reduction of sentence."

But *cf.* United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970); 8A Moore, *supra*, n. 10.1 at p. 35–6. Also, it would appear that the district court had jurisdiction to correct any illegal portion of the September 1972 sentence at any time. See page 987 below.

no transcript of this hearing appears in either the district court file or the appendices. The docket entries indicate that the motion was denied at the time of the October 9 hearing.[4] Apparently at that hearing counsel for defendant Laytham orally made an application for suspension of sentence, which was denied on October 9.[5]

On February 28, 1974, the district court denied the September and October 1973 applications of movants for reduction of their sentences in a formal order, which deleted the portions of its July 26, 1973, sentencing order making the sentence concurrent with the state sentence and providing for the transfer of movants from federal to state custody. The deletions included these words, appearing above at page 5:

> "under the care and custody of the proper officials of the New Jersey State Department of Institutions and Agencies, credit to be given for the time already served, and subject to the rules and regulations of the New Jersey State Department of Institutions and Agencies, Division of Correction and Parole;"

Movants filed timely appeals from the above February 28, 1974 order.

---

4. Although a notice of appeal was filed by Janiec on October 31, 1973 (Document 86 in district court file), appealing "from the Orders entered October 24, 1973 changing sentence," such an order does not appear in the district court file and this appeal was never docketed in this court.

5. See page 2A of transcript of Chambers Conference held October 10, 1973 (Document 87 in Criminal No. 106–70, D.N.J.). At this Chambers Conference, the United States Attorney asked that the July 26, 1973, sentencing order be amended to delete that portion of such order "which deals with the transfers of the defendants . . .," since the correspondence with the representatives of the U.S. Bureau of Prisons and the New Jersey State Department of Institutions and Agencies disclosed that it could not be carried out (pp. 2A–3 of Document 87). At that conference, counsel for movants asked the court to reconsider its decision of the previous day to deny the motion to amend the July 26, 1973, sentence by sus-

## I.

■■ The district court had jurisdiction to modify the September 15, 1972, sentences in July 1973 in view of the motions filed in early January 1973 to reduce such sentences. See note 3 above. Similarly, the court had jurisdiction to modify the July 1973 sentences in February 1974, in view of the motions made by movants in September and October 1973. These motions were basically applications to suspend the sentences of imprisonment and, as such, were motions to reduce sentence under F.R.Crim.P. 35.

■ Also, we reject the contention of movants that the July 1973 sentence was void because the court had no power to make it concurrent with the March 1972 state sentences. Insofar as the concurrency language of a sentence attempts to prescribe the place of confinement, it is surplusage and ineffective, as indicated under II below. We agree with the reasoning of Joslin v. Moseley, 420 F.2d 1204, 1205 (10th Cir. 1970), where the court said that use by a federal district court in a federal sentence of concurrency language with a state sentence did not make the federal sentence void. See also United States v. Herb, 436 F.2d 566

---

pending the federal sentence (pp. 3–5 of Document 87).

At the termination of the conference, the court orally announced (p. 5 of Document 87):

> "The Court: The order of the Court is as follows:
>
> "1. I will deny the application to amend this sentence, granting either one or both of these defendants a suspended sentence.
>
> "2. The order of July 26, 1973, will be amended as requested by the Department of Justice.
>
> "Let the record further note that in the event that either one or both of these defendants are able, through their counsel to arrange for their transfers to the State of New Jersey to serve their sentences, this Court will reconsider an application at that time.
>
> "Furthermore, let the record note that I deny the application of both counsel to issue a writ of habeas corpus to produce these defendants before this Court."

(6th Cir. 1971); Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967); Montos v. United States, 261 F.2d 39 (7th Cir. 1958). *Cf.* Ledesma v. United States, 445 F.2d 1323 (5th Cir. 1971). Such language was not necessary to define the term of the sentence (12 years). 18 U.S.C. § 3568 makes clear that such term started to run in 1971, when movants were "received at the penitentiary, reformatory or jail for service of such sentence. . . ." [5a]

## II.

■■ Chapter 305 of Title 18 provides that the Attorney General of the United States "shall designate the place of confinement where the [federal] sentence shall be served." 18 U.S.C. § 4082(a).[6] Although the Attorney General may "designate as a place of confinement any available, suitable, and appropriate institution or facility, whether maintained by the Federal Government or otherwise," 18 U.S.C. § 4082(b), a federal court has no authority to designate "a place of confinement." For this reason, that portion of the July 26, 1973, sentences which provided that the federal sentence was to be served "under the care and custody of the proper officials of the New Jersey State Department of Institutions and Agencies" was an illegal sentence beyond the power of a federal court. Furthermore, 18 U.S.C. § 4085(a) provides that when "any federal prisoner has been indicted . . . or convicted of a felony in any court of record of any State . . . the At-

torney General shall, if he finds it in the public interest to do so, upon the request of the Governor . . . cause such person . . . to be transferred to a penal or correctional institution within such State . . . ." The record [7] makes clear that neither the Governor of New Jersey nor any of its officials agreed to the transfer of movants to a New Jersey institution.

Under these circumstances, it would appear that those portions of the July 26, 1973, sentences which were deleted by the February 1974 order challenged in this appeal, constituted an illegal sentence and, hence, could be corrected by the district court "at any time." See F.R.Crim.P. 35.[8] In any event, they were surplusage and ineffective under the decisions cited above at page 986.

■ We note that where a defendant, convicted of an offense against the United States pursuant to Title 18, comes before the district court for sentencing, having previously been sentenced for a state crime and being in state custody, the district court may recommend[9] to the Attorney General that any federal sentence of confinement imposed and made concurrent with the state sentence shall be served in the state institution where such defendant has been confined by the state authorities. See United States v. Myers, 451 F.2d 402, 404 (9th Cir. 1972); Hoffman, Sentencing Philosophy, p. 34 (Appendix F to Smith, As A Matter of Fact (Federal Judicial Center, 1973)); Hunter, The Offender Who

5a. Since movants have been lawfully in federal custody under criminal charges since 1971, they remain in federal jurisdiction until their 12-year sentences have been served, unless and until the federal authorities officially waive the right to retain custody. See Hall v. Looney, 256 F.2d 59, 60 (10th Cir. 1958). Although the district court and the Bureau of Prisons have indicated a possible willingness to waive the federal jurisdiction and custody on condition that assurances are given of service of a specified prison term in state custody, such assurances have never been given. See letter of August 8, note 5 above at p. 986 and note 7 below.

6. This authority has been delegated to the Bureau of Prisons under 28 C.F.R. § 0.96.

7. See, for example, letter of August 8, 1973, mentioned at page 986 above, and page 1 of October 3, 1973, letter from counsel for Janiec at DJA 27.

8. F.R.Crim.P. 35 provides, *inter alia*, "The court may correct an illegal sentence at any time. . . ." See United States v. Herb, *supra* at 568; Peterson v. United States, 432 F.2d 545, 546 (8th Cir. 1970).

9. See bottom of Cr. Form 25a (Judgment and Commitment) for space to make such recommendation.

Violates Both Federal and State Law, 30 F.R.D. 291, 295 (1961).

Former Chief Judge Hoffman (now Director of the Federal Judicial Center) uses this language in his Sentencing Philosophy (p. 34):

"It is not legally permissible to direct that a federal sentence run concurrently with a state sentence then being served. However, as the Attorney General has the right to designate the place where the defendant shall serve his federal sentence, the court may recommend to the Attorney General that the state penitentiary be designated as the place where the defendant shall serve his federal sentence."

As stated in United States v. Herb, *supra* (436 F.2d at 568):

"We recognize that district courts not infrequently recommend that the federal sentence be served concurrently with prior state sentences, and that the Attorney General normally complies with such recommendation by designating an appropriate state penal institution as the place of confinement under the federal sentence."

### III.

■ Movants' contention that it was an abuse of discretion for the district court to refuse to suspend the 12-year sentence of imprisonment, as requested in the September and October 1973 motions, is rejected. This court has characterized movants as two bank robbers with "a long history of crime." See United States v. Janiec, *supra* at 464. The sentencing judge has done his best to arrange for the service of the imprisonment terms in New Jersey, but the penal authorities of that state have frustrated his efforts. Since the confinement terms are well below the statutory maximum limit imposed in 1971 and the sentencing judge had all relevant factors affirmatively directed to his consideration, through the emphasis placed on the pre-sentence reports by our June 1972 decision, there has been no abuse of discretion reviewable on appeal. See United States v. Fessler, 453 F.2d 953, 954 (3d Cir. 1972); Government of the Virgin Islands v. Rodriguez, 423 F.2d 9, 11 (3d Cir. 1970).

The reliance by movants on the longer term of the 1972 state sentence as assuring at least a 12-year confinement term is illusory, since the state court might suspend its sentence or a pardon might be issued, in which event the federal district court could not reimpose sentence if the federal sentence had been suspended. See United States v. Corson, 449 F.2d 544, 550–51 (3d Cir. 1971).[10]

For the foregoing reasons,[11] the February 28, 1974, district court order will be affirmed.

10. United States v. Wiley, 278 F.2d 500 (7th Cir. 1960), relied on by movants, is factually inapplicable to this record and it has been limited to its facts. See United States v. Rook, 424 F.2d 403, 406 (7th Cir. 1970).

11. Also, the following contentions of movants are rejected:
 A. The July 26, 1973, sentencing order is illegal because movants were not present at the time it was announced, even though that sentencing order determined motions to reduce sentences under F.R. Crim.P. 35. The testimony of movants could not have elucidated any factual issues since none were in dispute. The movants wanted elimination of the federal sentences, which the district court had no obligation to grant.
 B. The sentence was illegal because it imposed double punishment for the same crime, even though movants entered guilty pleas to both federal and state crimes. See Cox v. Kansas, 456 F.2d 1279 (10th Cir. 1972); Hill v. Beto, 390 F.2d 640 (5th Cir. 1968).