**UNITED STATES of America, Petitioner,**

v.

**Paul X WILLIAMS, United States District Judge, and George Lambert, Respondents.**

**No. 78–1068.**

United States Court of Appeals, Eighth Circuit.

Submitted March 22, 1978.

Decided March 29, 1978.

---

Larry R. McCord, U. S. Atty., Floyd Clardy, Asst. U. S. Atty., Fort Smith, Ark., for writ of mandamus.

Before GIBSON, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

The United States petitions this court for a writ of mandamus directing Paul X Williams, United States District Judge for the Western District of Arkansas, to vacate his order modifying the sentence of George Lambert. The government contends that Judge Williams lacked the jurisdictional power to enter that order. We deny the petition.

On June 27, 1977, Judge Williams imposed concurrent two-year sentences on Lambert after Lambert pleaded nolo contendere to one count of theft from an interstate shipment, in violation of 18 U.S.C. § 659, and one count of selling merchandise which had moved in interstate commerce and which he knew to have been stolen, in violation of 18 U.S.C. § 2315. On September 22, 1977, 87 days after sentencing, Lambert filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[1] On December 20, 1977, 167 days after the sentence had been imposed, Judge Williams issued a judgment and probation order reducing Lambert's term of imprisonment to time served, suspending the remainder of the sentence of imprisonment, and placing Lambert on probation.

Although Lambert filed a timely motion, the district court delayed its ruling until more than 120 days had elapsed since sentence had been imposed. The government contends that once the 120 days passed the district court was without the power to reduce a valid sentence. It relies on *United States v. Regan*, 503 F.2d 234 (8th Cir. 1974), and *Peterson v. United States*, 432 F.2d 545 (8th Cir. 1970). We do not believe either case controls here.

In *Peterson*, the defendant's motion was filed more than 120 days after sentence was imposed. Certainly in that situation, absent aggravated and unjust circumstances, Rule 35 operates to deny the district court jurisdiction.

In *Regan*, four defendants filed motions for reduction of sentence. Only one was timely. The district court denied all four motions. Two years later all of the motions were renewed and the district court entered an order modifying all four sentences. The government petitioned for a writ of mandamus directing the district court to vacate that order. In its recitation of the facts in the mandamus order this court made passing note of the fact that one petition had *originally* been timely filed. However, the *renewals* of the motions, two years later, were all untimely.

The *Regan* court noted that "[n]umerous courts have held that this 120 day time limit is absolute, and may not be extended for any reason * * *." *United States v. Regan, supra,* 503 F.2d at 237. It also recognized precedent holding that an untimely motion may be considered "under certain circumstances." *Id.* One example of such circumstances, cited in *Regan*, was

---

1. Rule 35 provides:
   The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

*Dodge v. Bennett,* 335 F.2d 657 (1st Cir. 1964), where the prisoner made a good faith attempt to comply with the prescribed time limit but, for reasons beyond his control and attributable to governmental negligence, the Rule 35 motion did not timely reach the court.

Here Lambert made a good faith attempt to comply with the prescribed time limit and, in fact, his motion was timely filed. The circumstances which allegedly deprived the district court of jurisdiction to reduce his sentence were beyond Lambert's control. For these reasons, we do not believe the government may properly rely on *Regan* here.

We hold that in this case the district court had the power to reduce Lambert's sentence, even after the 120-day period had passed, since the Rule 35 motion was filed within the 120-day period. This rule is recognized by both the Third and Ninth Circuits. *See United States v. Janiec,* 505 F.2d 983 (3d Cir. 1974), *cert. denied,* 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427 (1975); *Leyvas v. United States,* 371 F.2d 714 (9th Cir. 1967).

The petition for writ of mandamus is denied.