**UNITED STATES, Appellee,**

v.

**William Lawrence WASHINGTON, Appellant.**

No. 79–1324.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1979.

Decided Oct. 18, 1979.

John E. North, Jr., Lathrop, Albracht & Swenson, Omaha, Neb., for appellant.

Edward G. Warin, U. S. Atty., and Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and McMANUS, District Judge.*

PER CURIAM.

William Lawrence Washington appeals the denial of his petition for a writ of habeas corpus by the district court.

---

* The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

March 24, 1975, Mr. Washington pled guilty to two separate charges of burglary, 18 U.S.C. § 2113(b). The district court sentenced Mr. Washington to consecutive terms of three and five years.

April 25, 1975, an order of the district court indicated that an unsigned and ambiguous pleading entitled "Motion for Appeal and Bond" had been received in the case and should not be filed. The order indicated that the document would be sent to Mr. Washington and time for appeal extended twenty days in case the document had been sent by petitioner.

May 7, 1975, the district court granted the request of Mr. Washington's attorney to withdraw as counsel for petitioner on the grounds that an appeal would be frivolous in view of voluntariness of the guilty plea. No direct appeal was ever filed from the judgment of conviction.

Thereafter, on four occasions, Mr. Washington requested the district court to reduce his sentence. These requests were denied. Mr. Washington then filed a "Motion to Vacate Sentence" which the district court construed as a petition for a writ of habeas corpus. The pleading alleged, *inter alia*, that the parole board had incorrectly rated petitioner's offense at the "very high" severity level. Mr. Washington made no claims in his petition or on appeal that his guilty plea was involuntary. The district court denied Mr. Washington's petition. We affirm.

■ Petitioner alleges on appeal that due to changes in the Parole Commission's offense classification system the trial judge's expectations at the time of sentencing have been frustrated thus providing jurisdiction to modify the sentence under 28 U.S.C. § 2255. We assume for the purposes of this appeal that petitioner's allegation that his offense severity rating was changed from "high" to "very high" due to new Parole Commission guidelines is true.

However, even in light of this assumption petitioner's claim has no merit. The Supreme Court has recently rejected a claim identical to that of the petitioner in *United States v. Addonizio*, —— U.S. ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Mr. Justice Stevens writing for the court in *Addonizio* stated:

[W]e hold that subsequent actions taken by the Parole Commission—whether or not such actions accord with a trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the final judgment itself. The facts alleged by the prisoners in these cases do not provide a basis for a collateral attack on their respective sentences pursuant to § 2255.

The Supreme Court also indicated:

The import of this statutory scheme is clear: the judge has no enforcible expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met. To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not to the courts. Nothing in § 2255 supports—let alone mandates— such a frustration of congressional intent.

*Id.* 99 S.Ct. at 2242–43.

The Supreme Court's opinion in *Addonizio* reverses this circuit's previous view of this issue in *United States v. Lacy*, 586 F.2d 1258 (8th Cir. 1978) (en banc).

■ Petitioner also raises for the first time on appeal the issue of denial of right to appeal and denial of the right to appellate counsel. These issues are factual issues for the district court and cannot be raised for the first time on appeal. *Williams v. United States*, 402 F.2d 548, 550 (8th Cir. 1968). We only note that the record before us does not appear to show that petitioner manifested a desire to appeal any issue other than his sentence. *See Swenson v. Bosler*, 386 U.S. 258, 260, 87 S.Ct. 996, 18

**294**

L.Ed.2d 33 (1967). And, of course, "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972).

The order of the district court is affirmed.