**UNITED STATES of America,**

v.

**Seymour POLLACK, Appellant.**

**No. 80–1374.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 5, 1980.

Decided Dec. 24, 1980.

Seymour Pollack, pro se.

William J. Birney, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before MacKINNON and WALD, Circuit Judges, and JUNE GREEN,* United States District Judge for the District of Columbia.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

Opinion for the Court filed by Circuit Judge MacKINNON.

Concurring opinion filed by Circuit Judge WALD.

MacKINNON, Circuit Judge:

Pollack was convicted of thirteen counts of wire fraud, mail fraud, and sale of unregistered securities in district court on December 17, 1973. He was sentenced to concurrent five-year terms on each of those counts on March 20, 1974. After this court affirmed the convictions on appeal, *United States v. Pollack*, 534 F.2d 964 (D.C.Cir.), *cert. denied*, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976), Pollack began serving his sentence on June 16, 1976. The Supreme Court denied certiorari on November 1, 1976.

Pollack moved the district court on February 25, 1977 (116 days after denial of certiorari) pursuant to Rule 35 of the Federal Rules of Criminal Procedure to reduce his sentence.[1] On January 13, 1978, almost one year (321 days) after the motion was filed and 437 days after certiorari was denied, the district court reduced Pollack's sentence by an order stating:

> In view of the reports reflecting that his adjustment in prison has been excellent and the request made by his counsel that he be released at this time to afford him the opportunity of obtaining medical attention from physicians of his own choice for a heart bypass operation and the repair of a double hernia, the Court will at this time modify the sentence heretofore given to provide that the confinement time be reduced to the time served and that the balance of the sentence be subject to parole supervision.

*United States v. Pollack*, Crim.No. 73–549 (D.D.C. Jan. 16, 1978) (memorandum) *reprinted in* Appellee's Brief at 9 (appendix). Three days later on January 16, 1978, Pollack was released from prison and is not confined at this time.

Nineteen months after the January 13, 1978 order, on August 16, 1979, by motion to correct sentence, Pollack next challenged that portion of the district court's order reducing his sentence that subjected him to parole supervision. This prompted the Government, on November 19, 1979, to make its own motion pursuant to Federal Rule of Criminal Procedure 35 to correct an illegal sentence. Both parties agreed that the district court had no authority to order Pollack subjected to parole supervision. *See United States v. Addonizio*, 442 U.S. 178, 188–89, 99 S.Ct. 2235, 2241–42, 60 L.Ed.2d 805 (1979); *Bradley v. United States*, 410 U.S. 605, 611 n.6, 93 S.Ct. 1151, 1156 n.6, 35 L.Ed.2d 528 (1973) ("[t]he decision to grant parole . . . lies with the Board of Parole [now the United States Parole Commission], not the District Judge"); 18 U.S.C. §§ 4203(b)(1), 4205 (1976); *see also Dioguardi v. United States*, 587 F.2d 572 (2d Cir. 1978). But Pollack argued that (1) the reduction of the sentence to time served and (2) the order for parole supervision were severable parts and that the illegality applied only to the latter part and left the reduction in effect. Therefore, he concluded, this should result in his being released both from prison and from parole supervision. The Government contended that the sentence was not severable and that since the order for parole supervision was invalid, it followed that the entire order, including the part which reduced the sentence, was invalidated. It urged the court to vacate that order and reinstate its original sentence. The district court ostensibly agreed and on March 24, 1980 it

> ORDERED that the Court's Order dated January 13, 1978 be and the same is hereby vacated; and it is further

> ORDERED that defendant Pollack be *remanded under the original sentence to the custody and control of the United States Parole Board* subject to such order of that Board as may under the circumstances of this case be deemed just and proper.

---

1. Pollack's motion was also made pursuant to 28 U.S.C. § 2255. It is clear that when the district court granted Pollack's motion it purported to act pursuant to Rule 35, since none of the circumstances that enable a court to act pursuant to 28 U.S.C. § 2255 was present.

*United States v. Pollack*, Crim.No.73–549 (D.D.C. Mar. 25, 1980) (memorandum-order) (emphasis added), *reprinted in* Appellee's Brief at 11 (appendix). Pollack now appeals from this order.

The original sentence of the district court should be reinstated because the court was without authority on January 13, 1978, to reduce that sentence in the first place. The subsequent order was similarly invalid. The district court reduced the sentence on January 13, 1978, apparently under the authority of Federal Rule of Criminal Procedure 35(b), which states:

> The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, *or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.*

Fed.R.Crim.P. 35(b) (emphasis added).

The period of 120 days began to run on November 1, 1976, the day the Supreme Court denied Pollack's petition for certiorari. Pollack timely filed his motion to reduce sentence on February 25, 1977, 116 days after the Court denied certiorari. The 120–day time limitation of Rule 35, however, by its terms does *not* apply to the timely *filing* of motions. It sets a time limit on the power of the court to act. In this case the district court did not reduce Pollack's sentence until January 13, 1978, over one year and two months (437 days) after the 120 days began to run.

That the 120–day time period limits the court's power to act is demonstrated by the Notes of the Advisory Committee on the Federal Rules which discuss the amendment of Rule 35 that increased the time period from 60 to 120 days. The Committee stated:

> The 60–day period is frequently too short to enable the defendant to obtain and file the evidence, information and argument to support a reduction in sentence. Especially where a defendant has been committed to an institution at a distance from the sentencing court, the delays involved in institutional mail inspection procedures and the time required to contact relatives, friends and counsel may result in the 60–day period passing *before the court is able to consider the case.*

Fed.R.Crim.P. 35 (Notes of the Advisory Committee on Rules (1966 Amendment)) (emphasis added).

The courts of appeals that have dealt with the issue, however, have allowed the district courts a reasonable period after the 120 days to decide a timely filed motion. *United States v. Mendoza*, 581 F.2d 89, 90 (5th Cir. 1978) (*en banc*) (emphasis added) ("if a motion to reduce sentence is properly filed within the 120 days required by the statute, the district court retains jurisdiction *for a reasonable time* after the expiration of 120 days in those rare circumstances in which it is unable to decide the motion within the 120 day period"); *United States v. Stollings*, 516 F.2d 1287, 1289–90 (4th Cir. 1975) (emphasis added) ("district judge . . . retains jurisdiction to act upon a timely motion after the expiration of the 120 day period for such *reasonable time* as, under the circumstances, is required for its consideration and disposition"); *United States v. United States District Court*, 509 F.2d 1352, 1356 (9th Cir.) ("as long as the district judge acts with reasonable speed after the timely motion is filed, the time limit should be flexible enough to give him an opportunity to hear and consider new evidence regarding the appropriateness of the sentence"), *cert. denied*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975). *But see United States v. Williams*, 573 F.2d 527 (8th Cir. 1978) (district court had power to reduce sentence 167 days after sentencing where motion was timely filed); *United States v. Janiec*, 505 F.2d 983 (3d Cir. 1974) (district court has jurisdiction to reduce sentence imposed in September 1972 in July 1973 where motion was timely filed), *cert. denied*, 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427 (1975).

The time limitation has as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board.

United States v. Stollings, 516 F.2d 1287, 1289 (4th Cir. 1975). Accord, United States v. United States District Court, 509 F.2d 1352, 1356 & n.6 (9th Cir.), cert. denied, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975).

We need not now decide whether to follow the courts of appeals that have allowed district courts a reasonable time after the expiration of the 120–day period to rule on a timely filed Rule 35 motion. A Supreme Court decision handed down during its 1978 term casts doubt on the validity of any extension of the 120–day period.

▇nce a sentence has been imposed, the trial judge's authority to modify it is . . . circumscribed. Federal Rule Crim.Proc. 35 now authorizes District Courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal. *The time period, however, is jurisdictional and may not be extended.*

United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (footnote omitted) (emphasis added).[2]

▇ Even if the district court had a reasonable time beyond the end of the 120–day period to act, it did not act within such period, and hence the court was without authority to trespass on the jurisdiction of the Parole Commission. Even if a reasonable time was to be allowed we would not extend it beyond a very short period of time following the expiration of the 120–day period. Here, where the order reducing sentence and subjecting appellant to parole supervision was entered some fourteen months after the 120 days began to run, a reasonable period was clearly exceeded and the court's order is void under Rule 35.

▇ Pollack has argued that, although the parole supervision aspect of the district court's sentence reduction order is invalid, the reduction of sentence to time served should be sustained. Judge Tyler's decision in *United States v. Local 804, International Brotherhood of Teamsters*, 328 F.Supp. 1359 (S.D.N.Y.1971) is claimed authority. The original sentence there was to fine *and* imprisonment under a statute that authorized only fine *or* imprisonment. In that case since the fine had already been paid the court had no choice but to strike the imprisonment when the error was called to its attention. The facts there are thus distinguishable from this case. Sentences of fines and imprisonment are basically unrelated separate forms of punishment; while sentences of imprisonment *and* parole are basically related to each other. Parole is a looser form of custody, *see Warden v. Marrero*, 417 U.S. 653, 666–67, 94 S.Ct. 2532, 2539–40, 41 L.Ed.2d 383 (1974) (Blackmun, J., joined by Douglas & Marshall, JJ., dissenting), and might quickly shift to imprisonment and vice versa. The court here also limited the illegal period of parole that it imposed to the time remaining on the original sentence of imprisonment. Thus, the two parts definitely were related to each other. We accordingly conclude that the sentence was not to be considered as severable. In any event, the court was totally without jurisdiction at the time to reduce the original sentence.

The court's order is accordingly vacated and the case is remanded with directions to reinstate the original sentence.[3]

*Judgment accordingly.*

---

**2.** The Court cited Federal Rule of Criminal Procedure 45(b) as authority for the last sentence of the quote. The Rule states:

> [T]he court may not extend the time for taking any action under Rule[ ] . . . 35, except to the extent and under the conditions stated in [it].

**3.** The Parole Commission stated in its letter of April 24, 1980 to an Assistant United States Attorney that it "has decided to continue Mr. Pollack under active supervision." The disposition we make of the case will thus not subject appellant to any additional imprisonment unless he violates his parole.

WALD, Circuit Judge (concurring in the result).

I concur in the result here insofar as it maintains the status quo by keeping Pollack under parole supervision until his original sentence is concluded in June, 1981. I believe that was the clear intent of the district court in its second order of March 25, 1980. Although that order purports to return Pollack to the "custody and control" of the United States Parole Board, which the court technically cannot do, *see* 18 U.S.C. § 4210, it also stated that he was to be remanded under the "original sentence." That original sentence would have permitted Pollack to be paroled long since, and in fact the Parole Board's recent acceptance of him as a parolee, *see* letter of Parole Board to U. S. Attorney (April 24, 1980) can be considered tantamount to a formal determination of his eligibility for parole. At this late date, it would be a triumph of form over substance to send him back to prison to await a formal parole decision, and neither party here requested such a disposition.

I cannot, however, concur on this record in the invalidation of the original order on the ground that the district court had no jurisdiction to enter it fourteen months after the entry of the judgment denying certiorari on the original conviction. The cases cited in the majority opinion do not give any indication that fourteen months is always an unreasonable time for the court to act on a motion to reduce a sentence. In fact, in *United States v. Janiec*, 505 F.2d 983 (3d Cir. 1974), *cert. denied*, 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427 (1975), the court upheld a ten month delay as reasonable. And *United States v. Williams*, 573 F.2d 527 (8th Cir. 1978), suggests the desirability of interpreting the rule allowing the court to act after the 120 day limit so that a defendant who timely files a Rule 35 motion is not unfairly penalized due to circumstances beyond his control. *Id.* at 529. Here the question of loss of jurisdiction due to the passage of time was raised *sua sponte* by this court during oral argument; we do not know what caused the trial judge to wait several months before action on the timely filed petition. *Cf. United States v.*

*Mendoza*, 581 F.2d 89 (5th Cir. 1978). It is possible that circumstances of which we know nothing made such a wait reasonable. In any case, I would not declare the time lag unreasonable per se without offering the parties an opportunity to brief the question and proffer any possible explanations based on the peculiar circumstances of the case.