**UNITED STATES of America,**
**Appellant,**

v.

**Robert L. DeMIER, Barbara**
**DeMier, Appellees.**

**In re UNITED STATES of**
**America, Petitioner.**

**Nos. 81–2053, 81–2271.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1982.

Decided March 10, 1982.

Robert G. Ulrich, U. S. Atty., Kansas City, Mo., Robert J. Erickson, Atty., U. S. Dept. of Justice, Washington, D. C., for appellant.

Willard B. Bunch, John Edward Cash, Kansas City, Mo., for appellees.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

The Government, by appeal (No. 81–2053) and petition for writ of mandamus (No. 81–2271), challenges the power of the district court to issue an order reducing the sentences of Robert L. DeMier and his wife, Barbara, from three-years' imprisonment to twenty months. The DeMiers had filed a timely motion for reduction of sentence, which the court granted approximately ten months later, outside the 120-day time period prescribed by Rule 35 of the Federal Rules of Criminal Procedure.[1]

The Government asserts that the district court lacked jurisdiction to act more than

---

1. Fed.R.Crim.P. Rule 35 provides:

 (a) *Correction of Sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

 (b) *Reduction of Sentence.* The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal

of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

120 days after the imposition of sentence, notwithstanding defendants' timely motion. Alternatively, the Government argues that the district court's power to *rule* on the motion for reduction of sentence expired when the court failed to act with reasonable dispatch or for a legitimate purpose. We reject the Government's contentions and affirm the ruling of the district judge.[2]

I. *Background.*

Robert and Barbara DeMier, husband and wife, each stands convicted of eight counts of mail fraud after collecting the proceeds of a fire insurance policy on business premises which they arranged to have burned. Robert DeMier was also convicted on one count charging him with a firearms violation. Before imposing sentence, the district court directed the probation officer to prepare presentence reports on the DeMiers.

Crucial to an understanding of the present controversy are the presentence reports the court's probation officer prepared on the DeMiers before imposition of their sentences. The presentence reports both contained the following paragraph:

> According to adult guidelines of the United States Parole Commission, [defendant's] estimated salient factor score

of 11 indicates a "very good" parole prognosis. This prognosis, coupled with the "high" severity rating of the offense behavior, indicates she [he] could be expected to serve 16 to 20 months in custody before release to supervision.[3] [*United States v. DeMier*, 520 F.Supp. 1160, 1162 (W.D.Mo.1981).]

Relying on this information, the district court, on August 10, 1979, sentenced both defendants to three-years' imprisonment on each count to run concurrently, plus a $3,000 fine. The record indicates that the court imposed these sentences with the understanding that the DeMiers would serve sixteen to twenty months in prison.[4]

In imposing sentence under 18 U.S.C. § 4205(b)(2), the judge commented:

> The Court also wants the judgment and commitment to show that sentence is imposed pursuant to Section 4205(b)(2) which vests discretion in the Parole Commission to declare the defendant eligible for release on parole at any time that the Parole Commission may determine rather than after service of a third of the sentence. [*United States v. DeMier, supra*, 520 F.Supp. at 1162–63.]

---

**2.** The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri. The district court's opinion, *United States v. DeMier*, appears at 520 F.Supp. 1160 (W.D.Mo.1981).

**3.** This comment complies with procedures recommended by the Division of Probation of the Administrative Office of the United States Courts contained in Pub. 105 entitled *The Presentence Investigation Report* (Jan. 5, 1978), which states:

> *Sentencing Data.*—Include the range of sentences imposed nationally for the offense for which the defendant is being sentenced.
> * * *
> Include also the probation officer's *estimate* of the salient factor score, offense severity rating, and probable months to be spent in custody according to the U.S. Parole Commission guidelines for decisionmaking. This information will help the court not only in arriving at a sentence, but also in specifying factors which the court wishes the Parole Commission to consider should the court send the Commission its recommendation as to parole (Form AO 235). In providing this information to the court, the probation offi-

cer must be sensitive to how length of sentence affects the probable place of confinement, and how Parole Commission regulations affect actual length of prison stay. [*Id.* at 16 (emphasis in original).]

The presentence report is designed to assist the sentencing court in arriving at an appropriate sentence for each offender. By relating information on sentences imposed for similar crimes by judges throughout the country, the presentence report can help avoid grossly disproportionate punishments for similar crimes committed by offenders with similar backgrounds.

**4.** In imposing sentence the court stated:

> In regard to fine, the Court requests that the Clerk note and the Probation Office note that the $3,000 fine shall be paid over the period in which the Court has jurisdiction of these defendants, *which will include, I am confident, an extensive period of supervision by the Probation Officer in this district upon their release on parole.* [*United States v. DeMier, supra*, 520 F.Supp. at 1162 (emphasis in original).]

The DeMiers appealed their convictions and we affirmed. *DeMier v. United States*, 616 F.2d 366 (8th Cir. 1980).

On March 20, 1980, after this court filed its opinion affirming the DeMiers' convictions, but before issuance of our mandate, the defendants applied for a stay of execution of their sentences. The district court responded by imposing study sentences (maximum sentences of imprisonment prescribed by law) on both defendants, pursuant to 18 U.S.C. § 4205(c).[5] As one of its referral questions, the district court inquired whether a three-year prison sentence is consistent with similar mail fraud convictions involving approximately $86,000.

The regional director of the Federal Correctional Institution at Forth Worth, Texas, conducted the studies and suggested in his report to the district court that a three-year prison sentence would be appropriate for each of the defendants.

On July 3, 1980, after reviewing the studies, the district court reinstated the original sentences by again imposing a three-year sentence and $3,000 fine on each defendant.[6] The record indicates that in reimposing the three-year sentences the district judge continued to operate on the assumption, based on the presentence reports, that the DeMiers would qualify for parole and release after sixteen- to twenty-months' imprisonment.[7] The defendants began serving their sentences at the Federal Correctional Institution at Fort Worth, Texas, on July 21, 1980.

On October 29, 1980, the DeMiers filed a timely Rule 35 motion for reduction of sentence.[8] In their motion, the DeMiers alleged that the Parole Commission's preliminary assessment based on its guidelines called for incarceration from forty to fifty-two months. The district court learned for the first time that the probation officer had made a mistake in advising the sentencing judge that applicable guidelines called for a period of sixteen- to twenty-months' imprisonment, as previously indicated by the presentence reports. This assessment effectively eliminated the DeMiers from likely consideration for parole before completion of their respective three-year sentences.

In response to the Rule 35 motion, the Government asserted that no ground for relief existed because the guideline assessment did not preclude the Parole Commission from exercising its discretion to provide an earlier release date.[9]

---

**5.** 18 U.S.C. § 4205(c) provides:

(c) If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (d) of this section. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) place the offender on probation as authorized by section 3651; or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from the date of original commitment under this section.

**6.** The parties to this appeal agree that the 120-day period of Rule 35, Fed.R.Crim.P., runs from the date on which the district court reimposed the original sentences following the Bureau of Prisons' study.

**7.** In its opinion, the district court noted that while conducting the study pursuant to 18 U.S.C. § 4205(c), the Bureau of Prisons had before it the presentence reports indicating that the DeMiers could be expected to serve 16 to 20 months of their three-year sentences before being released on parole.

**8.** The DeMiers filed this motion 118 days after the court reimposed sentence.

**9.** The Government's response to the Rule 35 motion recited in part:

7. That if said referenced guideline assessment [40 to 52 months] is accurately represented, it nevertheless does not prevent the United States Parole Commission from the exercise of discretion, in as much as inmates are afforded individual consideration.

8. Further, there is no conflict nor contrary intent indicated between the lawful sentence of this Court and the method and manner of carrying out that sentence by the United States Bureau of Prisons and the United States Parole Commission.

On November 6, 1980, the district court in an interim order stated that a ruling on the DeMiers' Rule 35 motion would be premature, because the defendants' motion and the Government's response did not reflect "what action the Parole Commission actually took." The court, nevertheless, retained jurisdiction of the motion and directed the parties to advise it of "final action" by the Parole Commission.

The Government did not object to this interim ruling and the matter remained pending until May 5, 1981, when counsel for the DeMiers advised the court that the Parole Commission had determined that the DeMiers should serve the full three-year sentence in conformity with an offense rating of "Greatest I" severity under Parole Commission guidelines. *See* 28 C.F.R. § 2.20 (1979).

The 1979 Parole Commission guidelines included for the first time the offense "arson" in the Greatest I severity category. The Parole Commission characterized the DeMiers' crime as arson placing this offense under the "Greatest I" severity category, rather than the "high" category under which the presentence reports had previously listed their fraud offense.

The Parole Commission's characterization of the DeMiers' offense as arson required a determination that the offense involved potential risk of injury to persons. *See* 28 C.F.R. § 2.20 (1979) (*e.g.*, premises occupied or likely to be occupied). The likelihood of occupancy or nonoccupancy of the business premises, however, was an issue not litigated against the DeMiers in their trial. *See DeMier v. United States*, 616 F.2d 366 (8th Cir. 1980).

Moreover, in imposing the initial sentence the district court noted:

This is not an arson case. It is a fraud case. It cannot be overlooked, however, that the fraud involved is fraud to induce the payment of insurance claims for which the defendants were compensated for the full coverage of the policy and it really can't be overlooked that the claim involved was a claim on a fire policy. So that, while this case can't be sentenced as an arson case, it simply cannot be over-

looked that arson was involved, as one of the factual circumstances supporting the fraudulent claim to obtain $86,000. [*United States v. DeMier, supra*, 520 F.Supp. at 1162.]

Thus, the "sentence" imposed by the Parole Commission guidelines in terms of time to be served (for arson) was considerably greater than the penalty assessed by the district court for the crimes (fraud) charged against the DeMiers.

The Parole Commission's report, however, indicated that because of the three-year sentence release would likely occur after twenty-seven months, based on good time credits the DeMiers had earned. The DeMiers, through counsel, requested a hearing on the Rule 35 motion.

On May 27, 1981, the Government responded to the request for hearing by asserting that the defendants had failed to show good cause for relief under Rule 35. The Government, however, raised no objection to the court's jurisdiction to rule on the DeMiers' motion for reduction of sentence.

The court granted the DeMiers' motion, noting that in imposing sentence it had relied on 1978 Parole Commission guidelines which prescribed sixteen- to twenty-months' incarceration for the DeMiers' offense. Judge Oliver noted that, for understandable reasons, he had received inaccurate information at the initial sentencing, because at that time judges and probation officers had not yet received the 1979 guidelines. His records disclosed that he had not received the revised guidelines until after September 7, 1979, approximately one month following imposition of the initial sentence upon the DeMiers. Moreover, Judge Oliver assumed that the guidelines, which formed the basis for the presentence reports, remained in effect when he reimposed the three-year sentence on July 3, 1980, as he had not been specifically advised of the application of the revised guidelines to the criminal acts committed by the DeMiers.

## II. *Appellate Jurisdiction.*

The Government asserts that this court has jurisdiction to review the action

of the district court by a writ of mandamus under 28 U.S.C. § 1651 (the All Writs Act), or by appeal either under 28 U.S.C. § 1291,[10] or 18 U.S.C. § 3731.[11] This court has not confronted the question whether the Government may appeal a trial court's decision to reduce a sentence under Rule 35. We note, however, that several other courts have held such decisions appealable. *See United States v. United States District Court for the Northern District of Ohio*, 645 F.2d 7 (6th Cir. 1981); *United States v. Hetrick*, 644 F.2d 752 (9th Cir. 1981); *United States v. United States District Court, Central District of California*, 601 F.2d 379 (9th Cir. 1978).

Although we have entertained challenges to district court orders reducing sentences under Rule 35 by writs of mandamus, *see United States v. Williams*, 573 F.2d 527 (8th Cir. 1978); *United States v. Regan*, 503 F.2d 234 (8th Cir. 1974), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975), we now hold that appeal under 28 U.S.C. § 1291 is appropriate. *See United States v. United States District Court for the Northern District of Ohio, supra*, 645 F.2d at 8.[12]

**10.** 28 U.S.C. § 1291 governs appeals to the courts of appeals generally, by providing that [t]he courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. [28 U.S.C. § 1291 (1976).]

**11.** 18 U.S.C. § 3731 provides for appeals by the Government in criminal cases and reads in part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and

## III. *Discussion.*

The Government devotes a great deal of rhetoric in its brief suggesting that the district court decided to reduce the sentences because the court's sentencing expectations had been frustrated by the Parole Commission.[13] The record, however, discloses that the district court did not decide the DeMiers' Rule 35 motion on this ground. The court said:

The question presented by defendants' Rule 35 motions is not whether this sentencing judge's expectations were frustrated by the Parole Commission. The question presented is whether the sentencing judge was furnished accurate information in regard to the particular guidelines that the Parole Commission would apply in executing the sentences imposed by this Court. [*United States v. DeMier, supra*, 520 F.Supp. at 1161 n.2.]

The district court added:

Had this Court known that the Parole Commission had amended its 1978 guidelines so as to require the defendants in this case to serve at least 40 to 52 months before they would even be considered for release on parole, we would not have

before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. [18 U.S.C. § 3731 (1976).]

**12.** In *United States v. Hetrick, supra*, 644 F.2d at 755, the court determined that 18 U.S.C. § 3731 may provide the basis for appellate review of an order reducing sentence. We do not read § 3731 to encompass the instant appeal, and do not rely on it for our appellate jurisdiction.

**13.** The Government asserts that, under recently decided cases, frustration of a sentencing court's expectation of parole does not provide a basis to attack an otherwise valid sentence. *See United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Hayward v. United States Parole Comm'n*, 659 F.2d 857, 860 n.1 (8th Cir. 1981); *United States v. Mooney*, 654 F.2d 482, 489 (7th Cir. 1981); *United States v. Washington*, 608 F.2d 292, 293 (8th Cir. 1979).

imposed the three year sentences that were imposed. [*Id.* at 1168.]

In this appeal, the Government raises for the first time the single ground for relief—that the district court lacked jurisdiction to reduce the sentences. The Government first asserts that the district court could not validly enter an order reducing the DeMiers' sentences more than 120 days following reimposition of the sentences on July 3, 1980. In the alternative, the Government argues that if the district court's power to amend the sentences extended beyond the 120 days prescribed by Rule 35, its power was limited to a "reasonably short time" beyond 120 days, and that reasonable time period had expired in this case. We reject both contentions.

### A. *The 120-Day Limitation.*

■ This court has previously rejected the contention that a court may not amend a sentence beyond the 120-day time period of Rule 35. *United States v. Williams,* 573 F.2d 527, 529 (8th Cir. 1978).

In *Williams,* the defendant had moved for reduction of sentence eighty-seven days after sentencing. The judge did not grant the motion until 167 days after the imposition of the sentence. The Government petitioned for a writ of mandamus. In denying the petition, this court said:

> Here Lambert [defendant] made a good faith attempt to comply with the prescribed time limit and, in fact, his motion was timely filed. The circumstances which allegedly deprived the district court of jurisdiction to reduce his sentence were beyond Lambert's control. For these reasons, we do not believe the government may properly rely on [*United States v.*] *Regan* [503 F.2d 234 (8th Cir. 1974), *cert. denied,* 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975)].

We hold that in this case the district court had the power to reduce Lambert's sentence, even after the 120-day period had passed, since the Rule 35 motion was filed within the 120-day period. This rule is recognized by both the Third and Ninth Circuits. *See United States v. Janiec,* 505 F.2d 983 (3d Cir. 1974), *cert. denied,* 420

U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427 (1975); *Leyvas v. United States,* 371 F.2d 714 (9th Cir. 1967). [*Id.* at 529.]

*Accord, United States v. Smith,* 650 F.2d 206, 209 (9th Cir. 1981); *Government of Virgin Islands v. Gereau,* 603 F.2d 438, 442 n.2 (3d Cir. 1979); *United States v. Mendoza,* 581 F.2d 89, 90 (5th Cir. 1978) (*en banc*); *United States v. Stollings,* 516 F.2d 1287, 1289–90 (4th Cir. 1975).

In this case, the Government cites the following passage from *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), to support its contention that the district court had lost jurisdiction to rule on the DeMiers' motion:

> [O]nce a sentence has been imposed, the trial judge's authority to modify it is also circumscribed. Federal Rule Crim.Proc. 35 now authorizes district courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal. The time period, however, is jurisdictional and may not be extended. [*Id.* at 189, 99 S.Ct. at 2242 (footnotes omitted).]

The Supreme Court in *Addonizio,* however, did not consider the issue now before this court. The Court in *Addonizio* answered the sole question of whether federal prisoners could, under 28 U.S.C. § 2255, collaterally attack their original sentences when postsentencing changes in the policies of the United States Parole Commission prolonged their actual imprisonment beyond the period contemplated by the sentencing judge. The Court addressed only the jurisdictional issue and determined that section 2255 does not provide a basis for challenging the length of time actually served under an otherwise valid final judgment.

Further, the Supreme Court did not examine the jurisdictional dimensions of Rule 35 nor did it rule that a sentencing judge lacked power to reconsider and reduce a sentence after the expiration of 120 days upon a timely filed Rule 35 motion. By noting that the time period of Rule 35 is "jurisdictional and may not be extended[,]" the Court in *Addonizio* stated no new legal proposition, but merely referred to the liter-

al language of the Federal Rules of Criminal Procedure. 442 U.S. at 189, 99 S.Ct. at 2242 (citing Fed.R.Crim.P. 45(b)).[14] *Addonizio* in no way undermines the vitality of cases from this and other circuits which view the defendant's filing of a Rule 35 motion within 120 days as the critical act entitling the trial courts to rule on the motion and exercise appropriate discretion to reduce the sentence. *See United States v. Williams, supra,* 573 F.2d at 529; *United States v. Stollings, supra,* 516 F.2d at 1289–90; *United States v. United States District Court, Central District of California,* 509 F.2d 1352, 1356 (9th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *United States v. Janiec,* 505 F.2d 983, 985 n.3 (3d Cir. 1974), *cert. denied,* 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427 (1975).

Since *Addonizio,* the Ninth Circuit has reiterated the rule that the sentencing court retains some flexibility to act on a Rule 35 motion more than 120 days after imposition of sentence, although the 120-day period of Rule 35 imposes a rigid jurisdictional limit for *filing* the motion. *United States v. Smith,* 650 F.2d 206, 209 & n.2 (9th Cir. 1981).

Rule 45(b) provides that the 120-day time limit may not be extended by the court. Expiration of the allotted time therefore serves to divest the district court of jurisdiction over the motion for reduction of sentence. *United States v. United States District Court,* 509 F.2d at 1354; *United States v. Addonizio,* 442 U.S. 178, 189, 99

S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (*dictum*).

The Rule's language, read literally, provides that the district court loses jurisdiction at the end of the 120-day period, regardless of when the motion was filed or of extenuating circumstances. *See United States v. United States District Court,* 509 F.2d at 1356; *United States v. Mendoza,* 565 F.2d 1285, 1287–88 (5th Cir. 1978), *modified* 581 F.2d 89 (5th Cir. 1978). Thus the plain meaning of the Rule forecloses consideration of a motion after expiration of the time limit, regardless of the movant's lack of control over the delay. *Id.*

This court and other appellate courts have mitigated the arbitrary operation of the Rule by treating the time limit with some flexibility, allowing district courts to retain jurisdiction over timely-filed motions for a "reasonable time" beyond the deadline. *See, e.g., United States v. United States District Court,* 509 F.2d at 1356; *United States v. Mendoza,* 565 F.2d at 1291; *United States v. Stollings,* 516 F.2d 1287, 1289 (4th Cir. 1975). Such flexibility is bounded by the language and purposes of Rule 35(b). *United States v. United States District Court,* 509 F.2d at 1356. [*Id.* at 208–09 (footnotes omitted); *accord, United States v. Inendino,* 655 F.2d 108, 109–110 (7th Cir. 1981).][15]

We have rejected any narrow construction of the district court's prerogatives un-

---

**14.** Rule 45(b) of the Federal Rules of Criminal Procedure provides:

(b) *Enlargement.* When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them.

**15.** The D.C. Circuit recently questioned whether courts have a reasonable time beyond the

120-day period within which to rule on timely filed motions for sentence reduction. *United States v. Pollack,* 655 F.2d 243, 246 (D.C.Cir. 1980). The court in *Pollack,* however, stopped short of holding that *Addonizio* had *sub silentio* overruled prior decisions, and concluded that under the circumstances the district court had not acted within a reasonable time to reduce sentence.

We note that the concurrence in *Pollack* cited our decision in *United States v. Williams, supra,* with approval. Moreover, because the record in *Pollack* did not reflect the circumstances surrounding the court's delay in ruling on the motion, the concurring judge would have given the parties an opportunity to explain the delay. 655 F.2d at 247 (Wald, J., concurring).

der Rule 35 so long as a timely motion has been made. *United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981). In *Colvin*, the district court had initially imposed sentence, but suspended execution thereby placing the defendant on probation. The court later revoked probation imposing a sentence of incarceration. When the defendant then moved under Rule 35 for a reduction of sentence, the district court ruled that it lacked jurisdiction, because the 120-day period for filing the motion to reduce sentence ran from the initial sentence and not the revocation. This court reversed on the ground that the revocation marked the beginning of the 120-day period of Rule 35. We note, too, that the district court's denial of the motion in *Colvin* occurred more than 120 days after revocation of probation, although the motion had been timely made within 120 days after the revocation.

Accordingly, we reject the Government's contention that the court must rule on a motion for reduction of sentence within 120 days of imposition of sentence.

B. *Whether the District Court Acted in a Reasonable Time.*

 No fixed time limit dictates whether a court has acted within a reasonable time in ruling on a Rule 35 motion. *See United States v. Smith, supra*, 650 F.2d at 209. "Reasonableness in this context must be evaluated in light of the policies supporting the time limitation and the reasons for the delay in each case." *Id.* In this case, the district court ruled on the DeMiers' Rule 35 motion, on August 31, 1981, approximately ten months after its filing. In light of the circumstances of this case, we cannot say that the court's ruling did not come within a reasonable time.

The Government by its response to the Rule 35 motion invited the district court to stay its hand in ruling on the timely filed motion until after the Parole Commission had acted. The Government maintained that the existence of the guidelines would not necessarily conflict with the court's intent in imposing the three-year sentence

because "inmates are afforded individual consideration[ ]" in the parole determination. When the trial court issued its order three days later, retaining jurisdiction of the Rule 35 motion "in order that the relevant factual circumstances may be developed[,]" the Government did not object nor request an immediate hearing or ruling on the motion.

The district court took no further action until May 5, 1981, when defendants requested a hearing on the Rule 35 motion after having exhausted administrative remedies before the Parole Commission. The Government filed responses on May 27, 1981 and June 17, 1981, defending the action of the Parole Commission on substantive grounds, but made no objection to the timeliness of the proceedings on the motion. Defendants' counsel responded on June 22, 1981. On August 31, 1981, the district court decided the motion in favor of defendants. Here, as in *Williams*, "[t]he circumstances which allegedly deprived the district court of jurisdiction to reduce [the] sentence[s] were beyond [defendants'] control." *United States v. Williams, supra*, 573 F.2d at 529.

After careful review of the extensive record in this case, the district court independently determined that delays by the Administrative Office of the United States Courts in mailing the revised guidelines accounted for the court's and the probation office's reliance on outdated guidelines. The record clearly demonstrates that the district court acted with commendable promptness in ruling on the issues presented to it in the various motion papers and responses.

We cannot fault the district court for delaying its ruling on the Rule 35 motion pending final action by the Parole Commission where the Government resisted the granting of the Rule 35 motion on grounds that the Parole Commission could consider the DeMiers' parole request independently of the new guidelines. Under the circumstances, the district court acted on the Rule 35 motion within a reasonable period of time.[16]

16. We emphasize that our determination that the district court acted within a reasonable time rests on the unusual facts presented in this case.

Accordingly, we affirm the district court's order reducing the sentences. Having decided the merits of the appeal, we dismiss the Government's petition for a writ of mandamus.